IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL N. MACRIS and MACRIS ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SEVEA INTERNATIONAL, INC., ET AL.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR ABSTENTION AND/OR REMAND<br><br><br><br>Case No. 2:10-CV-962 TS |

This matter is before the Court on Plaintiffs' Emergency Motion for Abstention and/or for Remand Pursuant to Federal Bankruptcy Rule 9027 and 28 USC §§ 1334(c)(1) and 1452(b).[1] Two other motions are also pending, namely Defendants' Motion to Quash and Discharge Prejudgment Writ of Attachment[2] and Plaintiffs' Motion for Rule 11 Sanctions.[3]

---

[1]Docket No. 8.

[2]Docket No. 10.

[3]Docket No. 23.

1

I.  BACKGROUND

Plaintiffs Macris and Macris Enterprises, LLC ("Macris") filed this action in Utah State court in 2007.  In September 2009, after finding Defendants Jerry Dean Saxton, Katie Elizabeth Saxton, and American Equities Management, LLC ("the Saxtons") in contempt on multiple occasions, the court struck the Saxtons' pleadings and entered default judgment against them.  The state court subsequently held an evidentiary hearing and awarded Macris $223,856 in actual damages and $1,119,280 in punitive damages.  The state court scheduled a hearing for June 2010 to hear arguments on Macris's motion for attorney fees and on Macris's motion to allow him to levy execution on the pre-judgment writ of attachment.  The hearing was stricken after the Saxtons filed for Chapter 7 bankruptcy in Texas.  Their bankruptcy case was dismissed, and they subsequently filed for Chapter 11 bankruptcy in Texas.  Then the Saxtons filed a notice of removal of the Utah State Court case, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

On October 8, 2010, the Bankruptcy Court for the Northern District of Texas issued an Order Granting Macris Relief from the Automatic Stay imposed when the Saxtons filed their bankruptcy cases.[4]  The Order lifts the automatic stay with regard to the prejudgment writ of attachment and its corresponding property.  It also expressly permits this Court, the Utah Third District Court, or the U.S. District Court for the Norther District of Texas Court—whichever properly exercises jurisdiction—to hear evidence, enter an order on attorney fees and the

---

[4]Docket No. 9, Ex. L.

prejudgment writ, and enter final judgment in this matter. Macris subsequently filed his Motion for Abstention and/or Motion to Remand.

## II. LEGAL STANDARD

Macris argues that both permissible abstention and remand are proper in this case. While both of these justifications for not hearing a case turn on the same or similar factors,[5] the Court will remand the case and consequently address remand and not permissible abstention.

28 U.S.C. § 1452 states:

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . .

While courts are free to consider any equitable factors, prior decisions have listed common factors such as "duplication of judicial resources, uneconomical use of judicial resources, the effect of remand on the administration of the bankruptcy estate, whether the case involves questions of state law better addressed by a state court, comity considerations, prejudice to the involuntarily removed parties, lessening the possibility of an inconsistent result and expertise of the court where the action originated."[6]

---

[5]*In re 4 Front Petroleum, Inc.*, 345 B.R. 744, 749 (Bkrtcy. N.D. Okla. 2006).

[6]*Industrial Indem. Ins. Co. v. Catwil Corp.*, 1992 WL 279252, at *3 (D. Kan. Sept. 11, 1992); see also *In re Coleman*, 200 B.R. 403, 406 (Bkrtcy. S.D. Ala. 1996).

3

## III. DISCUSSION

A. REMAND

Macris argues that the principles of comity and judicial efficiency, which are permissible reasons to remand under the sections of the U.S. Code outlined above, should lead the Court to grant his Motion. Specifically, he argues that the Utah Third District Court is in the best position to make a determination on attorney fees and execution of the prejudgment writ because it has handled this matter for over two years, has entered judgment against the Saxtons, and has already ruled on damages.

The Saxtons argue that the Third District of Utah is not in any better position to make the fee and writ determinations than this or the U.S. District Court in Texas because "[b]oth issues have been briefed and can be decided very quickly by any court at this point."[7] They plan to seek to change the venue of this case to Texas, where it can be heard in conjunction with their bankruptcy case in which Macris is an adverse party. The Saxtons do not challenge any of the case law or statutes cited by Macris.

The Court grants the Motion on equitable grounds. The Utah Third District Court, after having the case before it for over two years, is familiar with this matter and will consequently be able to make determinations on the fees and writ issues with a minimal expenditure of judicial resources. Furthermore, the bankruptcy judge has lifted the automatic stay so the matter can be finally resolved in another court. Because relief from the automatic stay is already granted, remand will have no effect on the administration of the bankruptcy estate. The final factor that

---

[7]Docket No. 17, at 20.

leads this Court to grant the motion is its fear that the Saxtons are merely using the removal and transfer procedure as a delaying tactic. The Saxtons recently filed a Motion to have the venue changed to Texas.[8] Macris has indicated that he will likely challenge the change of venue. Thus, if this Court retained jurisdiction, then prior to it ruling on the fee and writ issues—which were fully briefed months ago—the Court would have to rule on an opposed motion to change venue and likely on the other pending motions. This would prevent a final judgment being entered for months. In contrast, the state court is already familiar with the issues and would likely not have to rule on any other motions prior to determining the writ and fee issues.

The Saxtons have failed to provide a valid justification as to why this Court should exercise jurisdiction over this matter or to show that remand would damage them in any way. Clearly they are unhappy with the state court decisions in this matter, but "[t]he purpose of bankruptcy jurisdiction is not to provide a means for unhappy state court litigants to remove a state court cause of action to bankruptcy court when there is no other basis for federal jurisdiction and the parties have adequate legal remedies available in the state court."[9]

B.  DIVERSITY JURISDICTION

The Saxtons claim, in a single sentence with no supporting argument, that diversity jurisdiction exists in this matter. Under long-established precedent, "diversity jurisdiction

---

[8] Docket No. 25.

[9] *In re: West Daniels Land Association, Inc. v. Town of Daniel*, 2010 WL 1840255, at *5 (Bkrtcy. D. Utah May 6, 2010).

requires complete diversity of citizenship as between all plaintiffs and all defendants."[10]  Macris argues that there are plaintiffs and defendants with Nevada citizenship and plaintiffs and defendants with Utah citizenship.  The Saxtons do not argue otherwise.  The Court finds that the parties are not diverse and the Court does not have diversity jurisdiction over this matter.

IV.  CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Plaintiffs' Emergency Motion for Abstention and/or for Remand Pursuant to Federal Bankruptcy Rule 9027 and 28 U.S.C. §§ 1334 (c)(1) and 1452(b) (Docket No. 8) is GRANTED.  It is further

ORDERED that all other pending Motions (Docket Nos. 10, 18, 23, 25) are DENIED AS MOOT.  The Clerk of the Court shall remand the case to the Third District Court for the State of Utah.

DATED   December 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *Connectu LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).